<2025-01-27>



U.S. Department of Justice

United States Attorney
Eastern District of New York

KTF:BT
F. #2024R00832

271 Cadman Plaza East
Brooklyn, New York 11201

January 27, 2025

<u>By E-mail and ECF</u>

The Honorable Nina R. Morrison
United States District Judge
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

      Re:   United States v. Dewitt John
             <u>Criminal Docket No. 24-492 (NRM)</u>

Dear Judge Morrison:

      The government respectfully submits this letter regarding the Court's issuance of a temporary stay of the execution of a search warrant for certain of the defendant's electronic devices (the "Search Warrant"), which the Honorable Taryn A. Merkl, U.S. Magistrate Judge, issued on January 20, 2025.[1] At the defendant's bond revocation hearing on January 21, 2025, the Court ordered that the government shall not execute the Search Warrant until the government and defense counsel have appeared before Judge Merkl to allow the defendant to be heard on counsel's allegations about the overbreadth of the warrant and purported misstatements in the affidavit.[2]

      On January 22, 2025, the government submitted a letter to Judge Merkl requesting a conference regarding the above issues. <u>See</u> Exhibit 1. On January 23, 2025, the defendant submitted a letter to Judge Merkl stating, among other things, that although the defendant

---

      [1] <u>See</u> 25-MC-273 (January 20, 2025 Application for a Search Warrant for the Defendant's Devices Seized by Pretrial Services); <u>see also</u> 24-CR-492, ECF No. 15-1.

      [2] At the bond revocation hearing, the government objected to these allegations and also argued that the defendant does not have standing to stay the execution of a search warrant obtained under Federal Rule of Criminal Procedure 41. <u>See</u> e.g., <u>United States v. Grubbs</u>, 547 U.S. 90, 99 (2006); <u>Matter of Search of Info. Associated With One Email Acct. That is Stored at Premises Controlled by Google, Inc.</u>, 677 F. Supp. 3d 580, 584 (E.D. Tex. 2023) ("[C]ourts have concluded that the Fourth Amendment does not provide a chance to litigate the validity of a warrant before that warrant has been executed by the government."); <u>In re Search of Info. Associated With One Acct. Stored at Premises Controlled by Facebook, Inc.</u>, No. 21-SC-1386 (GMH), 2021 WL 2302800, at *3 (D.D.C. June 4, 2021) (holding that a defendant must "raise any issue with respect to the breadth of the search warrants in a post-execution challenge").

"maintains [his] position that the search warrant was obtained improperly, the defense withdraws its request for a stay and a hearing before this Court prior to execution of the warrant." See Exhibit 2 at p. 3. The defendant's motion to stay the Search Warrant was originally presented orally to Your Honor at the bond revocation hearing on January 21, 2025. See Exhibit 2 at p. 2; see also Exhibit 2 at p. 48-49 (Bond Revocation Hearing Transcript). Nothing yet has been filed on this docket reflecting that the motion was withdrawn.

Given that the defendant has withdrawn his request for a stay of the Search Warrant prior to execution, the government respectfully requests that the Court lift the temporary stay of its execution. The government has conferred with defense counsel, and the defendant consents to this request.

Respectfully submitted,

JOHN J. DURHAM
United States Attorney

By:  /s/
Brooke Theodora
Assistant U.S. Attorney
(718) 254-6342

Enclosures

cc: Clerk of Court (NRM) (via e-mail and ECF)
    Clerk of Court (TAM) (via e-mail)
    Jullian Harris-Calvin, Esq. (via e-mail and ECF)

2