

U.S. Department of Justice

United States Attorney
Eastern District of New York

KTF:BT
F. #2024R000832

271 Cadman Plaza East
Brooklyn, New York 11201

January 22, 2025

By E-mail

The Honorable Taryn A. Merkl
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

Re:  In the Matter of the Searches of Three Android Phones and Two iPads Seized from Dewitt John by U.S. Pretrial Services
Miscellaneous Case No. 25-273 (TAM)

Dear Judge Merkl:

The government writes regarding the above-captioned application for a search warrant, which Your Honor reviewed and issued on January 20, 2025, pursuant to Federal Rule of Criminal Procedure 41 (the "Search Warrant"). The government has not yet executed the Search Warrant, which expires on February 3, 2025.

As the government explained in connection with submitting the Search Warrant for Your Honor's review, Judge Morrison held a bond revocation hearing yesterday in United States v. Dewitt John, 24-CR-492 (NRM). The district court remanded the defendant based on his violation of the condition of his release that prohibited him from using the electronic devices that are the subject of the Search Warrant. At the hearing, defense counsel requested a "stay" of the Search Warrant's execution on the grounds of its purported overbreadth and alleged misstatements in the affidavit. The government objected and argued that the defendant does not have standing to stay a judicially approved search warrant before it is executed. See e.g., United States v. Grubbs, 547 U.S. 90, 99 (2006) ("The Constitution protects property owners not by giving them license to engage the police in a debate over the basis for the warrant, but by interposing, ex ante, the deliberate, impartial judgment of a judicial officer . . . between the citizen and the police and by providing, ex post, a right to suppress evidence improperly obtained and a cause of action for damages.") (quotations omitted); Matter of Search of Info. Associated With One Email Acct. That is Stored at Premises Controlled by Google, Inc., 677 F. Supp. 3d 580, 584 (E.D. Tex. 2023) ("[C]ourts have concluded that the Fourth Amendment does not provide a chance to litigate

the validity of a warrant before that warrant has been executed by the government.") (quotations omitted); In re Search of Info. Associated With One Acct. Stored at Premises Controlled by Facebook, Inc., No. 21-SC-1386 (GMH), 2021 WL 2302800, at *3 (D.D.C. June 4, 2021) (holding that a defendant must "raise any issue with respect to the breadth of the search warrants in a post-execution challenge").  The district court (i) questioned the government's decision to obtain a warrant from the duty magistrate in these circumstances, (ii) ordered the parties to appear before Your Honor this week so that Your Honor may consider the issue of staying the Search Warrant, and (iii) stayed execution of the Search Warrant pending Your Honor's consideration of these issues.  The parties expect to receive a copy of the transcript from the bond revocation hearing containing the district court's oral order later today and will provide it to Your Honor upon its receipt.

     Accordingly, we respectfully request that Your Honor schedule a conference with the government and defense counsel at a mutually convenient time this week.  After conferring with defense counsel, we are available on Thursday, January 23, 2025, at any time after 2 p.m., or on Friday, January 24, 2025, at any time.  If neither of those time frames are acceptable to Your Honor, we would respectfully request an appearance at whatever time is convenient for the Court this week.

          Respectfully submitted,

          JOHN J. DURHAM
          United States Attorney

By:    /s/ Brooke Theodora
       Brooke Theodora
       Assistant U.S. Attorney
       (718) 254-6342

cc:    Clerk of Court (TAM) (via email)
       Jullian Harris-Calvin, Esq. (via email)