**Federal Defenders**
OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

Tamara L. Giwa
*Executive Director*

Michelle A. Gelernt
*Attorney-in-Charge*

October 15, 2025

The Honorable Nina Morrison
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *United States v. Dewitt John*, 24 Cr. 492 (NRM)

Your Honor:

    The parties write in response to the Court's order directing the parties to submit a letter and proposed order identifying an appropriate means by which Mr. John will undergo a psychiatric evaluation to assist the Court in its *Faretta* ruling. *See* 10/8/25 Minute Entry. Given the likely months-long delay in transfers to Bureau of Prisons facilities capable of conducting such evaluations, the parties suggest examination by a private psychiatrist to be conducted at MDC Brooklyn. Defense counsel has identified three psychiatrists with expertise in competency analysis[1], and the parties are conferring to agree upon a single expert.

    We ask the Court for another week's leave to tender the name of a joint expert. Our proposed order, attached as Exhibit A, therefore leaves blank the name, hourly rate, and payment cap to be entered by the Court upon her approval of an expert.[2]

                                         Respectfully Submitted,

                                         Jullian Harris-Calvin
                                         Assistant Federal Defender
                                         Federal Defenders of New York, Inc.
                                         One Pierrepont Plaza, 16th Floor
                                         Brooklyn, NY 11201

---

[1] As the Court noted at Mr. John's October 8 continued *Faretta* hearing, the competency standard for waiver of one's Sixth Amendment right to counsel differs from competency to stand trial. *Compare United States v. Torres*, 140 F.3d 392, 401 (2d Cir. 1998) ("The court should consider whether the defendant understood that she had a choice between proceeding pro se and with assigned counsel, whether she understood the advantages of having one trained in the law to represent her, and whether the defendant had the capacity to make an intelligent choice."), *with Cooper v. Oklahoma*, 517 U.S. 348, 355 (1996) ("A defendant may not be put to trial unless he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . and a rational as well as factual understanding of the proceedings against him.").

[2] The proposed order is fashioned after one entered by Magistrate Judge Barbara Moses in *United States v. Weronika Janczuk. See* Order, ECF No. 11., 21 Mag. 10886 (S.D.N.Y. Apr. 4, 2022).